# JUDGE KARAS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

11 CIV 8448

Jason Zimmerman,

     Plaintiff,

   v.

Richard D. Symansky, P.C.; and DOES 1-10, inclusive,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: _____

**COMPLAINT**

For this Complaint, Plaintiff, Jason Zimmerman, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  Plaintiff, Jason Zimmerman ("Plaintiff"), is an adult individual residing in Unionville, NY, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant, Richard D. Symansky, P.C. ("Symansky"), is a New York business entity with an address of 1759 Union Street, Suite 101, Niskayuna, New York, operating as a law firm, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Symansky at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      Plaintiff incurred a financial obligation (the "Debt") to Hudson Valley Federal Credit Union (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Symansky for collection, or Symansky was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Symansky Engages in Harassment and Abusive Tactics

12.     On or about October 15, 2011, Plaintiff was served with a Summons and Complaint (the "State Court Complaint") by Symansky on behalf of the Creditor.  The "State Court Complaint" was the first communication Plaintiff received from Symansky regarding the Debt.

13.     Paragraph 10 of the State Court Complaint states that the Debt "has been placed with Richard D. Symansky, P.C. for collection."

14.     The State Court Complaint lacks the validation notice required by 15 U.S.C. §

2

1692g.

15.    Plaintiff has not received any additional communications from Defendants regarding the Debt.

## C. Plaintiff Suffered Actual Damages

16.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.    As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.    Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send Plaintiff a validation notice stating Plaintiff's right to dispute the Debt within thirty days.

21.    Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send Plaintiff a validation notice informing Plaintiff of a right to have verification mailed to Plaintiff.

22.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.    The Plaintiff is entitled to damages as a result of Defendants' violations.

3

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

25.     The acts, practices and conduct engaged in by Defendants vis-à-vis Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

26.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

27.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29.     The acts, practices and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30.     Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

31.     Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by

4

Defendants.

32.     By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled,

together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's

favor and against Defendants as follows:

1.   Against the named Defendants, jointly and severally, awarding Plaintiff actual

damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Against each of the named Defendants, awarding Plaintiff statutory damages of

$1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Against the named Defendants, jointly and severally, awarding Plaintiff actual

damages, trebled, pursuant to NY GBL § 349;

4.   Against the named Defendants, jointly and severally, awarding Plaintiff

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

5.   Against the named Defendants, jointly and severally, awarding Plaintiff punitive

damages in such amount as is found appropriate; and

6.   Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 17, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.

5

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff